Doolittle *v.* Shelton.

## DOOLITTLE *v.* SHELTON.

A writ of error may bring up a judgment rendered by default, and extends to all final and interlocutory orders, judgments, and decrees of the district court.

No original matter not connected with the proceeding, or acted upon by the court below, will be adjudicated in the supreme court.

ERROR, *to Des Moines District Court.*

*David Rorer,* for the motion.

*J. C. Hall,* contra.

*Opinion by* GREENE, J. Defendant's attorney moved to quash the writ of error, because judgment below was rendered by default. However conclusively the case of *Colden* v. *Knickerbocker,* 2 Cowen, 36, supports this position in the court of errors in New York, we cannot regard it as sufficient to reverse the established practice in this court. Under the statute of 1844, p. 6, a writ of error extends to any judgment rendered by the court below. The jurisdiction of this court is extended by statute " over all final and interlocutory orders, judgments, and decrees, of the district courts." Though rendered by default, it is nevertheless a judgment, and as such, may as properly come under appellate revision, as any order or judgment in a contested case. It is clear, however, that no original matter; no question which does not appear by the record to have been connected with the proceeding below, can be acted upon by the supreme court.

Motion denied.